FILED
2021 Sep-30 PM 01:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GERALD WINEMAN, | ) |
|     PLAINTIFF, | ) ) ) |
| VS. | ) ) CASE NO.: 19-cv-01436-SGC |
| CITY OF JACKSONVILLE, | ) ) ) |
|     DEFENDANT. | ) |

## MOTION FOR RECONSIDERATION ON SUMMARY JUDGMENT AS TO PARTICULAR ARGUMENTS

Comes now defendant City of Jacksonville and moves this Honorable Court to reconsider certain aspects of its Memorandum Opinion on summary judgment, vacate its Opinion, and enter an opinion and order commensurate with the arguments made herein, and in favor of defendant. As grounds therefore, defendant would show unto the Court as follows:

1. The plaintiff's arguments, and the Court's opinion, either overlooked or disregarded key undisputed or unrefuted facts and related law.

2. Such key undisputed or unrefuted facts and related law necessitate a ruling in defendant's favor on summary judgment.

3. Specifically, the Court's opinion paid no heed to the separate existence and independence of the Civil Service Board of the City of Jacksonville (the Board). The Board is a creature of the Legislature, see Ala. Code §45-8A-71 et seq. Its statutory basis, purpose and role are referenced in defendant's initial summary judgment brief at 2-4, 25-27, 29-30; in plaintiff's opposition brief at 6-11, 38-41; and in defendant's reply brief at 6-9.

4. It was the Board's decision to allow candidates from outside the Jacksonville Police Department to be able to apply for the position. (Doc. 32-16, Abrams Affidavit at ¶3).[1] This was within the Board's purview. Ala. Code §45-8A-71.08.[2] The Board relied on the language of the Civil Service Act, codified at §45-8A-71.10 that says, "The civil service board shall fill vacancies in the classified service, insofar as practicable, by promotions from among regular employees holding positions in the classified service." (Doc. 32-21, Borstorff Affidavit at 42-43).[3] Thus the separate Civil Service Board made the decision, relying

---

[1] Defendant's Initial Brief at 3.
[2] Defendant's Initial Brief at 2; Reply Brief at 7.
[3] Defendant's Initial Brief at 30; Reply Brief at 7.

upon language in the enabling statute, that hiring only from within was <u>not</u> practicable.

The significance of this unrefuted fact is that the plaintiff argues, and the Court apparently has accepted, that the Board is an arm of the City, subject to its control, and thus the City is held responsible for the decision made by the Board, despite its independent status. This erroneous premise underlies the Court's recitation of pretext-demonstrating facts.

The Board is not the City.  This is unrefuted.  It is the Board that has the wherewithal to determine whether hiring from within is "practicable," or not.  The City simply in the position of having to accept the Board's decision.[4]

The further significance of the Court's misapprehension of this fact is that because the Board constitutes a separate entity from the City, to prevail the plaintiff must show that the Board itself possessed age-based animus against Wineman, and such is the reason it determined that hiring from within was <u>not</u> practicable and opened up applications to external candidates.

---

[4] This argument is raised in Defendant's Reply Brief at 6-9.

Or, conversely, plaintiff must show a "cat's paw" situation. *See* Stimpson v. City of Tuscaloosa, 186 F.3d 1328.

Clearly there is no substantial evidence that when the Civil Service Board made the decision that hiring from within was <u>not</u> practicable, and therefore it would opt for allowing external candidates, that it did so with age-based animus toward plaintiff. That is, no evidence "could reasonably indicate that the City's alleged discriminatory animus influenced the Board's decision" to allow external candidates. Stimpson at 1332. Taken further, there is no evidence that before the process even began, by deciding to consider outside candidates, the Board was taking action against Wineman based on his age.

This is not overstating a logical extreme: For this action to show pretext, a jury would have to be able to reasonably infer that the Board intended to discriminate against Wineman before it even began the process, and that allowing outside candidates was done to hinder Wineman's candidacy because of his age. The plaintiff's evidence is insufficient to make such a showing.

5. The same analysis must be applied to the Court's finding regarding the Board's determination that applicant Wood met the basic qualifications for the position and its certification to the City that he was duly qualified. It was the Board's duty to assess applicants to decide if they met the basic qualifications of the job.[5] The Board decided Wood met the qualifications. Wineman's appeal to the Board acknowledges this. After plaintiff appealed to the Board, two members went back and reviewed his application again, still finding it to show he was qualified. All of this shows, undisputedly, that basic qualifications were the Board's call.

6. The significance of this fact is that because the Board constitutes a separate entity from the City, to prevail the plaintiff must show that the Board itself possessed age-based animus against Wineman, and it intentionally did not screen out the younger candidate in order to discriminate against Wineman. There is no substantial evidence that when the Civil Service Board made the decision that Wood met the basic

---

[5] Defendant's Initial Brief at 27-28; and 29-30; Reply Brief at 6-8.

qualifications, that it did so with age-based animus toward the plaintiff. There is no evidence that the Board allowed any of the City's alleged age-based animus to affect its assessment of Wood's qualifications or lack thereof.

Again, this is not overstating a logical extreme: For this action to show pretext, a jury would have to be able to reasonably infer that the Board intended to discriminate against Wineman (or anyone older) when it decided that Wood met the basic qualifications. The plaintiff's evidence is insufficient to make such a showing.

7. Additionally, the Court's opinion did not address defendant's causation argument and the Eleventh Circuit holdings upon which it is premised. These are raised in defendant's initial brief at 41-45 and reply brief at 8-11.

8. Specifically, the selection committee appointed by the City Council contained five voting members. Plaintiff alleged that two members made age-based animus comments to him before the application process began and before the committee existed. The Eleventh Circuit says that without a showing of animus held by a majority of the members of the panel, animus may not

be imputed to the committee as a whole.[6]  Plaintiff has not made a showing that a majority of the selection committee held age-based animus against Wineman.  Without this showing his claim has to fail. Two-fifths of the committee cannot have caused Wineman's non-selection.

9. Finally, Wineman was ranked third by the selection committee. He was still behind the 50-year-old applicant.  Even without the presence of the successful candidate, he would not have been selected.[7]

    WHEREFORE, defendant moves the Court to reconsider its opinion, vacate the same, and grant summary judgment to defendant.

s/H. Edgar Howard  
H. Edgar Howard  
Attorney for Defendant  
Ford, Howard & Cornett, P.C.  
P.O. Box 388  
Gadsden, AL 35902  
256-546-5432  
256-546-5435 fax  
ed@fordhowardcornett.com

---

[6] See cases cited in defendant's Initial Brief at 41-44, and Reply Brief at 11.
[7] Defendant's Reply Brief at 12.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing on the following parties hereto by email.

This the   30th   day of     September          , 2021.

                                              s/H. Edgar Howard
                                              Of Counsel

cc    Jon C. Goldfarb, Esquire
      Christina Malmat, Esquire
      L. William Smith, Esquire
      Lieselotte Carmen-Burks, Esquire