IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GERALD WINEMAN, | ) |
| PLAINTIFF, | ) |
| VS. | ) CASE NO.: 19-cv-01436-SGC |
| CITY OF JACKSONVILLE, | ) |
| DEFENDANT. | ) |

**REPLY
ON DEFENDANT'S MOTION FOR RECONSIDERATION
ON SUMMARY JUDGMENT AS TO PARTICULAR ARGUMENTS**

In reply to Plaintiff's Opposition to Defendant's Motion for Reconsideration, Defendant briefly sums up its arguments as follows:

1. Neither the plaintiff's brief in opposition to summary judgment, nor the Court's memorandum opinion, nor the plaintiff's brief opposing reconsideration, sufficiently address the independent decision-making role of the Civil Service Board of the City of Jacksonville. This matters because the Board made two decisions by which liability is attached to the City, to-wit:

- The decision to hire from outside the City; and

- The decision to deem Wood as qualified.

2. Therefore, the plaintiff has to show intentional discrimination also by the Board, or that it was a "cat's-paw" situation.[1]  Plaintiff has not done this.

3. Neither the plaintiff's brief in opposition to summary judgment, nor the Court's memorandum opinion, nor the plaintiff's brief opposing reconsideration, sufficiently address the status of the police chief nominating committee, which recommended the successful candidate to the city council.  This matters because the committee's decision against plaintiff caused him to not get the job.

4. Plaintiff has to show a majority of the committee members discriminated against him because of his age.[2]  He has offered pretext evidence as to the two council members on the committee.  He has offered none about the other three.  Based on the law previously cited to the Court, this is insufficient to show causation.  Therefore, plaintiff's argument fails.

5. As to plaintiff's objection to the assertion that Wineman was ranked third by the committee, it is based on the City's EEOC

---

[1] Defendant previously cited <u>Stimpson v. City of Tuscaloosa</u>, 186 F.3d 1328 (11th Cir. 1999), where the Eleventh Circuit reversed on a similar lack of causation argument.

[2] Defendant has previously cited Eleventh Circuit holdings in its initial brief at 41-45 and reply brief at 8-11.

response, the preparation of which the city administrator (and selection committee member) was involved.[3]

## CONCLUSION

Based on the above and foregoing, this Honorable Court should VACATE its Memorandum Opinion and GRANT summary judgment to the City of Jacksonville.

s/H. Edgar Howard
H. Edgar Howard
Attorney for Defendant
Ford, Howard & Cornett, P.C.
P.O. Box 388
Gadsden, AL 35902
256-546-5432
256-546-5435 fax
ed@fordhowardcornett.com

---

[3] As plaintiff notes, she testified she wrote it. The chart on page 18 of plaintiff's opposition brief was cited merely to show the age of second-ranked applicant Allen George.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing on the following parties hereto by filing it with the Court's electronic filing system.

This the   12th   day of     October        , 2021.


                                                s/H. Edgar Howard
                                                Of Counsel

cc    Jon C. Goldfarb, Esquire
       Christina Malmat, Esquire
       L. William Smith, Esquire
       Lieselotte Carmen-Burks, Esquire